ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: swanise@gtlaw.com

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

KAREN MCKAY,

         Plaintiff,

    vs.

C. R. BARD INC., a Foreign Corporation; BARD
PERIPHERAL VASCULAR INC., an Arizona
Corporation; MCKESSON CORPORATION, a
Corporation,; and DOES 1 through 100, inclusive

        Defendants.

CASE NO. 2:20-CV-01564-APG-BNW

**STIPULATION AND [PROPOSED]
ORDER TO STAY DISCOVERY AND
ALL PRETRIAL DEADLINES**

**(THIRD REQUEST)**

      Pursuant to Federal Rule of Civil Procedure 26(c) and (d) and LR IA 6-2, Plaintiff Karen
McKay in the above-titled action and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc.
(collectively, "Bard") (Plaintiff and Bard are collectively referred to herein as "the Parties"),
respectfully request that this Court temporarily stay discovery and all pretrial deadlines until April
12, 2021 while the Parties finalize settlement documents.  In support thereof, the Parties state as
follows:

      1.     This case is related to the Multi-District Litigation proceeding *In re Bard IVC Filters
Products Liability Litigation*, MDL 2641 (D. Ariz.), pending before Senior Judge David Campbell in
the United States District Court for the District of Arizona.

      2.     After four years, the completion of general issue discovery, and the trial of three
bellwether cases to verdict, Judge Campbell ordered that certain MDL cases would no longer benefit
from centralized proceedings and would be transferred to the appropriate jurisdictions around the

*ACTIVE 55206999v3*

country for case-specific discovery and trial.  (MDL 2641, ECF No. 19899, 20672, 21472.)  While this action was not in the MDL and was not transferred with the remanded cases, the issues and causes of action are substantially similar.

3.      Here, Plaintiff filed her complaint on June 9, 2020.  Bard removed the case to the Northern District of Texas and that court transferred the case to the District of Nevada on August 21, 2020.  Since that date, the Parties have engaged in further settlement discussions and have recently reached a settlement in principle.

4.      Pursuant to Federal Rules of Civil Procedure 6(b) and 26, and the Court's inherent authority and discretion to manage its own docket, this Court has the authority to grant the requested stay. Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time the court may, for good cause, extend the time...."); Fed. R. Civ. P. 26(a) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

5.      This Court therefore has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *Bacon v. Reyes*, 2013 U.S. Dist. LEXIS 143300, at *4 (D. Nev. Oct. 3, 2013) (*citing, Munoz-Santana v. U.S. I.N.S.*, 742 F.2d 561, 562 (9th Cir. 1984)) ("Whether to grant a stay is within the discretion of the court"); *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court."); *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

6.      Furthermore, Federal Rules of Civil Procedure 26(c) and 26(d) vest the Court with authority to limit the scope of discovery or control its sequence. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.")

/ / /

1    In deciding whether to stay proceedings, courts weigh the competing interests of the parties

2  and the court.

3       Among those competing interests are the possible damage which may result from
        the granting of a stay, the hardship or inequity which a party may suffer in being
4       required to go forward, and the orderly course of justice measured in terms of the
        simplifying or complicating of issues, proof, and questions of law which could be
5       expected to result from a stay.

6  *Lockyer*, 398 F.3d at 1110 (*citing Landis*, 299 U.S. at 255). Facilitating the efforts of parties to

7  resolve their disputes weighs in favor of granting a stay. In *Coker v. Dowd*, 2:13-cv-0994-JCM-NJK,

8  2013 U.S. Dist. LEXIS 201845, at *2-3 (D. Nev. July 8, 2013), the parties requested a 60-day stay to

9  facilitate ongoing settlement negotiations and permit them to mediate global settlement. The Court

10  granted the stay, finding the parties would be prejudiced if required to move forward with discovery

11  at that time and a stay would potentially prevent an unnecessary complication in the case. *Id.* at *3.

12  Here, the Parties have reached a settlement in principle.

13       7.    Accordingly, the Parties jointly move this Court for an order staying discovery and

14  pretrial deadlines until April 12, 2021.

15       8.    The Parties agree that the relief sought herein is necessary to handle the case in the

16  most economical fashion.  The relief sought in this stipulation is not being requested for delay, but

17  so that justice may be done.

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

*ACTIVE 55206999v3*

1

2

**WHEREFORE**, the Parties jointly request that discovery and all pretrial deadlines be stayed until April 12, 2021 to allow the Parties to finalize settlement documents.

3

4

**IT IS SO STIPULATED.**

5

6

DATED this 9th day of February 2021.

7

**FEARS NACHAWATI, PLLC**                    **GREENBERG TRAURIG, LLC**

8

9

*/s/ Steven Schulte*                                              */s/ Eric W. Swanis*

Steven Schulte                                                     Eric W. Swanis

10

(*Admitted PHV*)                                                 Nevada Bar No. 6840

Texas Bar No. 24051306                                   Email: swanis@gtlaw.com

11

Email: schulte@fnlawfirm.com                       10845 Griffith Peak Drive, Suite 600

5473 Blair Road                                               Las Vegas, Nevada 89135

12

Dallas, TX 75231                                             Telephone: (702) 792-3773

Telephone: (214) 890-0711

13

Facsimile: (214) 890-0712                              *Counsel for Defendants*

14

*Counsel for Plaintiff*

15

16

ORDER

17

IT IS ORDERED that the parties' stipulation is GRANTED.  IT IS FURTHER ORDERED that by April 12, 2021, the parties must file either dismissal documents or a joint status report about the status of settlement.

18

19

**IT IS SO ORDERED**

20

**DATED:** 12:43 pm, February 16, 2021

21

22

23

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

24

25

26

27

28

*ACTIVE 55206999v3*